IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JESSICA CHANDLER                                                        PLAINTIFF

vs.                         Civil No. 4:16-cv-04008

MICHAEL J. ASTRUE                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Jessica Chandler ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her disability applications on August 1, 2013. (Tr. 87, 247-260). Plaintiff alleges she is disabled due to degenerative disc disease, sciatica, high blood pressure, scoliosis, and arthritis. (Tr. 271). Plaintiff alleges an onset date of May 16, 2013. (Tr. 87). These applications were denied initially and again upon reconsideration. (Tr. 141-180).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr."

1

Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 107-140). Plaintiff's first administrative hearing was held on March 20, 2013, and Plaintiff's second administrative hearing was held on September 12, 2014. *Id.* Plaintiff's second administrative hearing was held in Texarkana, Arkansas. (Tr. 107-125). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Jerold L. Hildre testified at this hearing. *Id.* On the date of this hearing, Plaintiff was twenty-seven (27) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c)(2008) (SSI). (Tr. 112). As for her education, Plaintiff also testified at this hearing that she had completed high school. (Tr. 113).

On October 24, 2014, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 84-102). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013. (Tr. 89, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 16, 2013, her alleged onset date. (Tr. 89, Finding 2). The ALJ determined Plaintiff had the following severe impairments: obesity, lumbar disc disease, and thoracic disc disease. (Tr. 89-96, Finding 3). The ALJ also determined, however, that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 96, Finding 4).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 96-101, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and allegedly disabling symptoms. *Id.* Second, the ALJ reviewed all the evidence in the record and hearing testimony and determined Plaintiff's RFC. *Id.* Specifically, the

2

ALJ determined Plaintiff retained the RFC to perform a wide range of sedentary work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can never climb ladders, ropes, or scaffolds and can occasionally balance, stoop, kneel, crouch, crawl, or climb ramps/stairs.

*Id.*

The ALJ then determined Plaintiff had no Past Relevant Work ("PRW") that she would be able to perform, but she would be able to perform other work existing in significant numbers in the national economy. (Tr. 101, Findings 6, 10). Plaintiff and the VE testified at the administrative hearing regarding these issues. *Id.* Based upon this testimony, the ALJ determined Plaintiff had no PRW. (Tr. 101). However, the ALJ also determined that, considering Plaintiff's age, education, work experience, and RFC, there were jobs existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 101-102, Finding 10).

Specifically, the VE testified Plaintiff would be able to perform the requirements of occupations such as the following: (1) order clerk (sedentary, unskilled) with 139,000 such jobs in the nation and 500 such jobs in Arkansas; (2) optical good assembler (sedentary, unskilled) with 106,000 such jobs in the nation and 600 such jobs in Arkansas; and (3) lens inserter (sedentary, unskilled) with 100,000 such jobs in the nation and 5,000 such jobs in Arkansas. *Id.* Because Plaintiff retained the capacity to perform this other work, the ALJ also determined Plaintiff had not bee under a disability, as defined in the Act, from May 16, 2013 through the date of the ALJ's decision or through October 24, 2014. (Tr. 102, Finding 11).

Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. On December 18, 2015, the Appeals Council denied this request. On January 15, 2016, Plaintiff filed

the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on January 19, 2016. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 17. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.   Discussion:**

With her appeal, Plaintiff raises the following three claims: (1) the ALJ erred by finding her impairments did not meet the requirements of Listings 1.02 and 1.04; (2) the ALJ erred in discrediting her subjective complaints of pain; and (3) the ALJ erred in discrediting the opinions of her treating physicians and the objective medical findings. ECF No. 10 at 1-21. The Government responded to these arguments and argues there is no basis for reversal in Plaintiff's case. ECF No. 17 at 1-13. Because this Court finds the ALJ's RFC determination is not supported by substantial

evidence, this Court will only address Plaintiff's third argument for reversal.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring that there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports its RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this case, the ALJ did err in evaluating her RFC because the ALJ's RFC assessment was not supported by "some medical evidence" as required by *Lauer*. Indeed, in his opinion, the ALJ assigned little weight to *every* doctor he mentioned. While he discounted the more severe restrictions set forth by Plaintiff's treating doctors, he also discounted the less restrictive standards set forth by the non-examining, non-treating physicians. Thus, apart from his speculation in this matter, the ALJ provided no basis for his findings regarding Plaintiff's "ability to function in the

6

workplace." Accordingly, the ALJ's RFC assessment was not supported by "some medical evidence."

Notably, the ALJ decided to give "very little weight" to the assessment of Plaintiff's treating physician, Dr. George R. Covert, M.D. (Tr. 99). The ALJ also "considered" the opinions of non-examining, non-treating SSA consulting physicians Drs. Payne and Wellons. *Id.* Upon review of their opinions, however, the ALJ also decided to give their opinions "little weight." *Id.* Thus, by discounting every opinion in the record, the ALJ provided no medical basis for his opinions. Instead, the ALJ appears to have determined Plaintiff's RFC based upon his own opinions about her limitations.

By improperly evaluating Plaintiff's RFC and improperly relying upon this faulty RFC determination, the ALJ also erred in his Step Five determination in determining whether Plaintiff could perform other work in the national economy. At Step Five, Defendant carries the burden of establishing that there are other jobs Plaintiff can perform in the national economy. *See Banks v. Massanari,* 258 F.3d 820, 827 (8th Cir. 2001). Defendant can meet this burden by either relying upon the testimony of a vocational expert or by relying upon the "Grids." *See id.*

The ALJ may only rely upon the testimony of the VE where the ALJ offers a *properly phrased hypothetical* to the VE, and the VE testifies in response to that hypothetical. *See Page v. Astrue,* 484 F.3d 1040, 1045 (8th Cir. 2007). In this case, since the ALJ's hypothetical question did not include all Plaintiff's impairments, it is not considered "properly phrased." *See id.* Therefore, the VE's response to that hypothetical question does not provide substantial evidence supporting the ALJ's disability determination.

7

**4.	Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 8th day of February 2017.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE